UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STANLEY CAVIENSS,

                Plaintiff,[1]              **MEMORANDUM AND ORDER**
                                                                      25-CV-04779 (OEM) (MMH)

      -against-

LETITIA JAMES, Attorney General of New
York, *et al.*,

                Defendants.
----------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

    *Pro se* plaintiff Stanley Cavienss ("Plaintiff") filed this action against defendants Leticia James, Kathy Hochul, Zohran Mamdani, Brad Lander, Our Black Party, and the Working Families Party ("Defendants") on September 8, 2025, and asserting violations of the Hatch Act, Title VII of the Civil Rights Act, and the Voting Rights Act. Compl., Dkt. 1. Plaintiff requests to proceed *in forma pauperis* ("IFP"), which is granted solely for the purpose of this Order. For the reasons stated below, the complaint is dismissed.

## BACKGROUND

    Although unclear, the Complaint appears to allege that Defendants engaged in fiscal manipulation of political campaigns, suppression of minority voting, and misappropriation of federal funds related to the MTA. It is unclear what relief Plaintiff is seeking.

## LEGAL STANDARD

    A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

---

[1] Stanley Cavienss appears to name Action Selective Service, People of Justice, Mayor Eric Adams, Former Governor Andrew Cuomo, Adrienne Adams, Zellnor Myrie, Jessica Ramos, and Maria Archilla as plaintiffs. Compl. at 1. Since he signed the complaint and requested IFP, the case will proceed with Stanley Cavienss as the sole plaintiff.

1

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff provide a short, plain statement of his claim against each defendant named so that each has adequate notice of the nature of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (citations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citations omitted).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, under 28 U.S.C.

§ 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The factual allegations in Plaintiff's complaint lack any basis and cannot withstand legal scrutiny. "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot find that a cause of action has been alleged. Accordingly, the Court finds that Plaintiff's complaint lacks any arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Taylor v. Securus Techs., Inc.,* 25-CV-1416 (PKE) (LKE), 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025) (dismissing the complaint as frivolous given the implausibility of plaintiff's allegations); *Williams v. Combs*, 25-CV-3521 (PKC) (JRC), 2025 WL 1920368, at *2 (E.D.N.Y. July 11, 2025) (same); *Lewis v. U.S., Dept. of Health Servs.*, 24-CV-2503 (PKC) (TAM), 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous finding that the allegations were nonsensical and failed to present a cognizable claim).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

3

be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Because the Court concludes that granting plaintiff leave to amend would be futile, the Court declines to do so.

## WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). Plaintiff recently filed a lawsuit in this Court against the sitting Justices of the United States Supreme Court, *see Cavienss v. Alitio, et al.*, No. 25-cv-04403, and another action against "all major vaping companies," *see Cavienss v Alibaba Group, et al.*, No. 25-cv-04636. Additionally, a review of the Public Access to Court Electronic Records ("PACER")[2] indicates that Plaintiff has filed at least fifteen other civil cases in various federal courts.

Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits,

---

[2] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties (last visited September 8, 2025).

4

courts may impose sanctions, including restrictions on future access to the judicial system.") (citations omitted); *Gu v. Sher*, 24-CV-6157 (EK) (LB), 2024 WL 4252034, at *5 (E.D.N.Y. Sept. 20, 2024), *appeal dismissed*, No. 24-2799, 2025 WL 1161964 (2d Cir. Apr. 2, 2025).

## CONCLUSION

For the reasons stated above, plaintiff's claims are dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Because it would be futile to permit Plaintiff to file an amended complaint, leave to amend the complaint is denied. Plaintiff is warned that the Court will not tolerate the filing of baseless litigation.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

September 24, 2025
Brooklyn, New York